IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HIGGS )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>THE CITY OF CHICAGO, and CHICAGO )<br>POLICE OFFICERS JOSEPH PEREZ )<br>(Star 4692), JAMIE CHESNA (Star 11881), )<br>ROBERT MITCHOM (Star 18923), LARRY )<br>RATTLER (Star 7101), BJORNN MILLAN )<br>(Star 6087), LELF GOFF (Star 11111), )<br>SHERMAN JEFFERSON (Star 2445), TITO )<br>FERNANDEZ (Star 11891), RUBEN LEON )<br>(Star 19511), MICHAEL PLOVANICH (Star )<br>3804) )<br>    Defendants. ) | No. 18-cv-00041<br><br>Hon. Manish S. Shah<br><br><br><br>**JURY DEMANDED** |

## THIRD AMENDED COMPLAINT

NOW COMES Plaintiff, David Higgs, by and through his attorneys Mary J. Grieb and the Shiller Preyar Law Offices, complaining of Defendants and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331, 1332(a) and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

1

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. David Higgs is a United States citizen who resides in Cook County, Illinois.

5. Defendant City of Chicago police officers Joseph Perez (Star 4692), Jamie Chesna (Star 11881), Robert Mitchom (Star 18923), Larry Rattler (Star 7101), Bjornn Millan (Star 6087), Lelf Goff (Star 11111), Sherman Jefferson (Star 2445), Tito Fernandez (Star 11891), Ruben Leon (Star 19511) and Michael Plovanich (Star 3804) (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.

6. On information and belief the individual defendants reside in the City of Chicago and are citizens of Illinois.

7. The individual Defendants engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law.

8. The individual defendants are sued in their individual capacity.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## BACKGROUND

10. In March 2017, Plaintiff walked near a bus stop at the corner of Homan and Douglas and two Chicago Police Officers approached him.

11. The officers asked if he had any knowledge surrounding any murders in the area. Plaintiff told the officers that he had no knowledge of any murders. The two officers then searched Plaintiff's person, typed information into their computer, and let Plaintiff go.

12. On information and belief, those officers were Defendants Millan and Goff.

13. On July 3, 2017, Defendant Officers Millan, Goff, and Leon arrested Plaintiff at Tripp Lite at 1111 W 35th St. Chicago, IL, where Plaintiff worked.

14. Defendants Millan, Goff, and Leon arrested Plaintiff without an arrest warrant.

15. Defendants Millan, Goff, and Leon arrested Plaintiff without probable cause to believe he had committed or was committing any crime.

16. On July 3, 2017, Plaintiff did not commit any crime.

17. That day, Plaintiff was handcuffed and arrested.

18. Based on Defendant Millan's sworn felony complaint, Plaintiff was charged with delivery of a controlled substance within 1000 ft. of a school on March 11, 2017, a class X felony.

19. Plaintiff had a bond hearing on July 4, 2017.

20. Plaintiff then became a pretrial detainee at Cook County Jail.

21. Defendant Millan made intentionally false statements in a sworn criminal complaint.

22. Defendant Perez falsely identified Plaintiff as the person who sold him heroin on March 11, 2017.

23. Plaintiff was detained unlawfully based on Defendant Officers' false statements.

24. Plaintiff did not sell drugs to anyone on March 11, 2017.

25. Plaintiff did not commit any crime on March 11, 2017.

26. Defendants Perez, Chesna, Mitchom, Rattler, Jefferson, Fernandez and Plovanich knew that Plaintiff was being unlawfully arrested, detained based on fabricated probable cause, and maliciously prosecuted, but did not stop the unlawful conduct.

27. On or about March 8, 2018, Cook County Judge Joseph Claps found Plaintiff not guilty after a bench trial.

28. Plaintiff was released from Cook County Jail on or about April 28, 2018.

29. As a result of Defendants' actions, Plaintiff suffered lost liberty, lost wages, and emotional damages.

## COUNT I
### 42 U.S.C. § 1983 – False Arrest/Unlawful Seizure
### Against Individual Defendants

30. Plaintiff re-alleges and incorporate all of the allegations in the preceding paragraphs.

31. Defendant Officers Millan, Goff, and Leon caused Plaintiff to be seized when they arrested Plaintiff on July 3, 2017.

32. Defendant Officers Millan, Goff, and Lopez did not have probable cause to believe that Plaintiff had committed a crime when they seized Plaintiff.

33. Defendant Officers Millan, Goff, and Lopez did not have reasonable suspicion to believe that Plaintiff was about to commit a crime when they seized Plaintiff.

34. Defendants Perez, Chesna, Mitchom, Rattler, Jefferson, Fernandez and Plovanich failed to prevent the arrest of Plaintiff on July 3, 2017.

35. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

36. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, emotional damages, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 - Illegal Pretrial Detention *Manuel Claim*
### Against Individual Defendants

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38. Plaintiff was detained in Cook County Jail between July 3, 2017 and April 2018 without probable cause that he had committed any crime.

39. Plaintiff's detention from July 3, 2017 to April 28, 2018, was due to Defendant Officers' fabricated evidence in police reports and criminal complaints.

40. Defendants Perez, Chesna, Mitchom, Rattler, Jefferson, Fernandez and Plovanich failed to prevent the unlawful pretrial detention of Plaintiff.

41. As a result of this misconduct, Plaintiff was injured, including loss of liberty, emotional damages, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983 – Conspiracy to Unlawfully Detain and Falsely Arrest
### Against Individual Defendants

42. Plaintiff re-alleges and incorporates all of the allegations of the preceding paragraphs.

43. On or about July 3, 2017 through on or about March 8, 2018, Defendants Officers agreed and combined to engage in a conspiracy to falsely arrest and unlawfully detain Plaintiff.

44. The Defendants, and each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

45. The Defendants, and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this complaint.

5

46. The Defendants, and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts.

47. The Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the Complaint.

48. The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this Complaint.

49. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

50. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT IV
### State Claim – Malicious Prosecution
### Against All Defendants

51. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

52. Defendant Officers and Defendant City of Chicago maliciously caused criminal charges to be commenced and continued against Plaintiff by creating false and incomplete police reports and swearing to false criminal charges.

53. There was no probable cause for the institution of the criminal charge of delivery of a controlled substance within 1000 feet of a school.

54. Defendant Officers' conduct was willful and wanton.

55. This state claim is being pursued against Defendant City of Chicago under the theory of *respondeat superior.*

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

**<u>COUNT V</u>**
**State Claim – Conspiracy to Commit Malicious Prosecution**
**Against Individual Defendants**

56. Plaintiff re-alleges and incorporates all of the allegations of the preceding paragraphs.

57. On or about July 3, 2017 through on or about March 8, 2018, Defendant Officers agreed and combined to engage in a conspiracy to maliciously prosecute Plaintiff.

58. The Defendants, and each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

59. The Defendants, and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this complaint.

60. The Defendants, and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts.

61. The Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the Complaint.

62. The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this Complaint.

63. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

64. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### Indemnity Claim – 745 ILCS 10/9-102 (All counts, costs and attorneys fees)

65. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

66. Defendant City of Chicago is the employer of Defendant Officers.

67. Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

68. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

69. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### *Respondeat Superior* Liability Against City of Chicago for State Law Claims Against Individual Officers

70. Plaintiff re-alleges and incorporates all previous paragraphs.

71. Defendant City of Chicago is the employer of Defendant Officers.

72. Defendant City is liable for its employees' actions committed while in the scope of employment as duly appointed police officers under the doctrine of *respondeat superior.*

73. The acts of Defendant Officers described in the state law claims specified above was willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

74. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

DAVID HIGGS

By:

s/Mary J. Grieb

Mary J. Grieb
One of Plaintiff's Attorneys
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590

**CERTIFICATE OF SERVICE**

I, Mary J. Grieb, hereby certify that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Mary J. Grieb

Mary J. Grieb
One of Plaintiff's Attorneys
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590